IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY
FILED
Dec 12 2016
U.S. DISTRICT COURT
Northern District of WV

VINCE CAMASTRO,
MARY CAMASTRO,
and VINCE CAMASTRO
AS EXECUTOR OF THE
ESTATE OF DANTE
CAMASTRO,

        Plaintiffs,

v.

Civil Action No.: 5:16-cv-186 (Bailey)

(Removed from Circuit Court of
Ohio County, WV Civil Action
No. 16-C-346)

WILLMAN R. SILVAGGIO LLP,
JOSEPH SILVAGGIO, and
TERRANCE HEANE,

        Defendants.

### DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Willman & Silvaggio, LLP, Joseph Silvaggio, and Terrance Henne, incorrectly identified in the caption as Willman R. Silvaggio, LLP, Joseph Silvaggio, and Terrence Heane, by undersigned counsel, have removed the above-captioned action from the Circuit Court of Ohio County, West Virginia, to the United States District Court for the Northern District of West Virginia. As grounds for removal, the Defendants state as follows:

**I.    Nature of Removed Action**

1.    The removed case is a civil action in which the original Complaint was filed in the Circuit Court of Ohio County, West Virginia, assigned Civil Action No. 16-C-346, and captioned *Vince Camastro, Mary Camastro, and Vince Camastro as Executor of the Estate of*

*Dante Camastro, Plaintiffs v. Willman R. Silvaggio LLP, Joseph Silvaggio, and Terrance Heane, Defendants.*

2. Service of Process for the Complaint was accepted by the Secretary of State as the attorney-in-fact for Defendants on November 15, 2016.

3. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served in the state court action is attached hereto as *Exhibit A*.

## II. Timeliness of Removal

4. In accordance with the requirements of 28 U.S.C. § 1146(b), this notice of removal is filed within thirty (30) days after service of the Plaintiffs' Complaint upon Willman & Silvaggio LLP, Joseph Silvaggio, and Terrance Henne, on November 15, 2016, upon which it was first determined that this case is one which is or has become removable based on diversity jurisdiction under 28 U.S.C. § 1332.

5. Venue in this case is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the Plaintiffs' claim occurred in the Northern District of West Virginia, Wheeling Division.

## III. Basis of Removal

6. Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties.

7. Complete diversity requires that all defendants be citizens of different states than the plaintiffs. 28 U.S.C. § 1332. The United State Supreme Court has explained that "diversity of citizenship is assessed at the time the action is filed" and "such jurisdiction may not be divested by subsequent events." *Freeport-McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) citing *Mollan v. Torrance*, 9 Wheat. 537 (1824); *Clark v. Mathewson*, 12 Pet. 164, 171 (183);

*Wichita Railroad & Light Co. v. Public Utl. Comm'n of Kansas*, 260 U.S. 48, 54, 43 S. Ct. 51 (1922). Further, the citizenship of an unincorporated association is determined based upon the citizenship of all its members. Thus, a limited partnership is a citizen of every state in which a general or limited partner resides. *Carden v. Arkoma Associates*, 494 U.S. 185 (1990).

8. Here, Plaintiffs Vince Camastro and Mary Camastro are West Virginia citizens residing at 2076 National Road, Wheeling, West Virginia 26003. Dante Camastro was also a West Virginia citizen and resident of 2076 National Road, Wheeling, West Virginia, 26003.

9. Defendant Willman & Silvaggio, LLP is a limited liability partnership organized and existing under the laws of Pennsylvania, with an office address of 5500 Corporate Drive, #150, Pittsburgh, PA 15237. All partners of Willman & Silvaggio, LLP also reside in Pennsylvania. This includes all six partners: Concetta A. Silvaggio, Glen A. Huetter, Jr., Defendant Joseph D. Silvaggio, Steven G. Blackner, Ronald J. Richert and Melanie M. Irwin. Finally, Defendant Terrance Henne resides in Pennsylvania.

10. This Court has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs. The amount in controversy is the estimate of damages that will be put at issue, not the amount the Plaintiff will actually recover. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Pursuant to 28 U.S.C. § 1446(c)(2)(A-B), where the plaintiff (1) seeks non-monetary relief or (2) seeks monetary relief but state practice does not allow the plaintiff to demand a specific sum or allows the plaintiff to recover damages in excess of the amount demanded, the defendant can specify the amount in controversy in the notice of removal and must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

11. Here, the Plaintiffs have in fact demanded judgment against the Defendants, jointly and severally, well exceeding the $75,000 threshold and into the million dollar range. *See Complaint attached within Exhibit A*. Accordingly, the amount in controversy requirement as set forth by 28 U.S.C. § 1332, required for diversity jurisdiction is met.

12. The Defendants notice of removal is procedurally correct. Willman & Silvaggio LLP, Joseph Silvaggio, and Terrance Henne have not proceeded in the state court case in a manner manifesting an intention to have the case adjudicated in state court or to abandon the right to a federal forum. These Defendants have also not proceeded in the state court in a manner that can be construed as seeking adjudication on the merits.

13. Attached to this notice as *Exhibit A* is a copy of all process, pleadings, and orders filed within the state action; a certified copy of all pleadings, process, orders, and other filings in the state court action has been requested and will be supplemented to this Court upon receipt of the same, as required by 28 U.S.C. § 1446(a).

14. This Notice of Removal is properly filed in this Court pursuant to 28 U.S.C § 1441(a) because this District embraces the Court in which the removed action is pending, the Circuit Court of Ohio County, West Virginia.

15. A copy of this notice of removal and attachments thereto will be served on Plaintiffs and is being filed, along with a written notice of filing notice of removal, with the Clerk of Ohio County pursuant to 28 U.S.C. § 1446(a) and (d). A true and correct copy of the notice of filing notice of removal is attached hereto as *Exhibit B*.

**WHEREFORE**, Willman & Silvaggio LLP, Joseph Silvaggio, and Terrance Henne, remove this action now pending in the Circuit Court of Ohio County, West Virginia, as Civil Action No. 16-C-346 to this Court.

Respectfully submitted,

**December 12, 2016**                **/s/*Bethann R. Lloyd***
                                          Bethann R. Lloyd, Esquire
                                          W.Va ID #6625
                                          Erica A. Cross, Esquire
                                          W.Va ID # 12974
                                          CIPRIANI & WERNER, P.C.
                                          650 Washington Road, Suite 700
                                          Pittsburgh, PA 15228
                                          Phone: (412) 563-2500
                                          Fax: (412) 254-9294
                                          ***Counsel for the Defendants***
                                          ***Willman & Silvaggio LLP,***
                                          ***Joseph Silvaggio, and***
                                          ***Terrance Henne***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VINCE CAMASTRO,
MARY CAMASTRO,
and VINCE CAMASTRO
AS EXECUTOR OF THE
ESTATE OF DANTE
CAMASTRO,

      Plaintiffs,

v.                                     Civil Action No.:_____

                                     (Removed from Circuit Court of
                                     Ohio County, WV Civil Action
                                     No. 16-C-346)

WILLMAN R. SILVAGGIO, LLP,
JOSEPH SILVAGGIO, and
TERRANCE HEANE,

      Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2016, I electronically filed the Notice of Removal with the Clerk of the United States District Court using the CM/ECF system. Service of the foregoing Notice of Removal was made upon the following by mailing a true copy U.S. Mail, postage pre-paid, on the 12th day of December, 2016.

                              Vince Camastro
                              Mary Camastro
     Vince Camastro as Executor of the Estate of Dante Camastro
                            2076 National Road
                     Wheeling, West Virginia 26003
                                 *Plaintiffs*

                                           /s/*/s/Bethann R. Lloyd*
                                           BETHANN R. LLOYD, ESQUIRE